U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

JUN 19 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Shafizadeh                              Civil Action No. 6:14-1104

versus                                  Judge Richard T. Haik, Sr.

Darrell Steven Guillory                 Magistrate Judge C. Michael Hill

**MEMORANDUM RULING**

Before the Court is a motion for preliminary injunction pursuant to 42 U.S.C. § 1985 filed by *pro se* plaintiff, Saeid Shafizadeh.[1] [Rec. Doc. 1]. For the reasons that follow, the Court will *sua sponte* dismiss this matter without prejudice for lack of subject matter jurisdiction.

*I. Background*

Plaintiff's complaint, *R. 1*, provides the following allegations: Shafizadeh, a naturalized citizen of the United States whose national origin is of Iranian descent, alleges that he and his former spouse Denise Dugas ("Dugas") were married in Lafayette, Louisiana in 1982, and lived in Kentucky during their marriage. They had four children together, two of whom are minors. On August 12, 2010, the Division Six of Family Court in Jefferson County, Kentucky, Case Number 07-ci-500527, issued an order allowing Dugas to relocate to Lafayette Parish with the two minor children. The order states that the parties "shall continue to have joint custody of the children and neither party shall be designated as 'primary.'" Shafizadeh was granted

---

[1] The record indicates that a summons was issued to defendant, Darrell Steven Guillory, on June 6, 2014, but service has not yet been returned.

parenting time pursuant to the court's schedule. There are three divorce related cases pending before the Kentucky Court of Appeals.

Shafizadeh further alleges in his complaint that defendant Guillory, a Youngsville Police Officer and the "paramour" of Dugas, conspired with Dugas to violate plaintiff's right to parental time with his children by acting to "decoy away the children," obstructing justice and depriving him of his rights and privileges. Shafizadeh alleges causes of action under 42 U.S.C. § 1985 as well as a number of Louisiana and Kentucky State statutes: (1) "intimidating a party to a judicial proceeding and obstruction of justice," "La.R.S. 14:129.1,130.1.A.3 and KRS 524.040;" (2) "conspiracy to kidnap and interference with the custody of children," "La.R.S. 14:45.A.(4), 45.1.A and KRS 509.070;" (3) "abusing the position of authority;" and, (4) defamation," "La.R.S. 14:47." R. 1.

Shafizadeh moves under § 1985 to enjoin and restrain Guillory and all persons acting in concert with him from conspiring with Dugas to interfere with his rights and from "threatening and/or harming him." In reviewing the motion, the undersigned has come to the conclusion that the underlying facts of Shafizadeh's complaint fail to support federal subject matter jurisdiction. The Court will first consider the motion for preliminary injunction and plaintiff's claims under § 1985 and then consider plaintiff's state law claims.

## II. Law And Analysis

### A. 42 U.S.C. § 1985 Claims And Motion For Preliminary Injunction

A movant is entitled to the "extraordinary remedy" of a preliminary injunction only if he establishes:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir.2009). The Court will address only one of these prerequisites: likelihood of success on the merits of plaintiff's section 1985 claim and entitlement to preliminary relief.

Title 42 U.S.C. § 1985 prohibits three forms of conspiracy to interfere with a person's civil rights. Subsection (1) prohibits conspiracies to prevent federal officers from performing their official duties. Plaintiff raises no allegations that would support a claim under § 1985(1).

The first part of subsection (2) prohibits conspiracies interfering with the right to participate in federal judicial proceedings. Plaintiff raises no allegations that would support a claim under part 1 of § 1985(2). The second part of subsection (2) applies to state court proceedings, but only prohibits conspiracies to deny any citizen equal protection of the laws.

The first part of subsection (3) prohibits conspiracies to deprive "any person or class of persons the equal protection of the laws." 42 U.S.C. § 1985(3). The second part of subsection (3) prohibits conspiracies to prevent a person from voting. Plaintiff has raised no claim that he was deprived the right to vote.

To the extent plaintiff bases his claims on § 1985(2) or the first part of § 1985(3), he fails to state a claim because he has not alleged a conspiracy involving race or other class-based discrimination. *See Bryant v. Military Dept.*, 597 F.3d 678, 687 (5th Cir.2010) ("The 'language requiring intent to deprive of equal protection or

3.

equal privileges and immunities, means that there must be some racial, ... or class-based, invidiously discriminatory animus behind the conspirator's actions.' ") (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

Federal courts have a constant obligation to examine the basis for their jurisdiction, and "[t]he issue may be raised by the parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990). As such, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot.*, 85 F.3d 244, 248 (5th Cir.1998). Although the Fifth Circuit has cautioned that "[g]enerally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend," it has stated that "[t]he district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair," and that a sua sponte dismissal is more acceptable if it is without prejudice. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998).

As implied in its title, federal question jurisdiction requires a plaintiff to allege a claim "arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. In determining whether a plaintiff has properly alleged a federal question, courts employ the well-pleaded complaint rule: "If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." *Hart v. Bayer Corp.*, 199 F.3d 239, 243-4 (5th Cir.2000).

Even assuming Shafizadeh's factual allegations to be true, his complaint fails to assert a claim under federal law. Although he cites 42 U.S.C. § 1985 as a basis for

4.

jurisdiction, plaintiff has alleged no facts demonstrating the existence of any alleged conspiracy whose purpose was to deprive him of equal protection of the laws based on racial animus or any other protected characteristic. Instead, he claims the conspiracy was motivated by his ex-wife's intent to deprive him of his minor children under the custody order. As plaintiff has failed to state a claim under § 1985 he is not entitled to injunctive relief and his claims under § 1985 must be dismissed.

B. *State Law Causes of Action Under the Louisiana and Kentucky Criminal Codes*

Shafizadeh's remaining claims against Guillory are all based on various Criminal Code statutes of Louisiana and Kentucky:

*I. Intimidating A Party to a Judicial Proceeding/Obstruction of Justice*

Plaintiff alleges causes of action for intimidation and obstruction of justice pursuant to La.R.S. 14:129.1, La.R.S. 14:130.1.A.3 and KRS 524.040: (1) La.R.S. 14:129.1 applies to intimidation or injury of a witness in a civil or criminal case with the intent to influence his testimony; La.R.S. 14:130.1 refers to the "crime of obstruction of justice"— part A(3) of the statute makes it a crime to retaliate against a "victim" by threatening such a person in a criminal proceeding; (3) Kentucky Revised Statute (KRS) 524.040 of the Kentucky Penal Code, sets forth the elements of the Class D felony offense of intimidating a participant in the legal process, KRS § 524.040.

*ii. Conspiracy to Kidnap and Custodial Interference*

Plaintiff alleges causes of action for kidnaping and interfering with child custody under La.R.S. 14:45.A(4), La.R.S. 14:45.1.A and KRS 509.070: (1) La.R.S. 14:45(A)(4) or simple kidnaping is defined, in pertinent part, as the intentional and

forcible seizing and carrying of any person from one place to another place without consent; (2) La.R.S. 14.45.1 set out the elements of the crime of intentionally taking, enticing, or decoying away a minor child by a parent not having a right of custody, with intent to detain or conceal such child from a parent having a right of custody; (3) KRS 509.070 of the Kentucky Penal Code, a Class D felony, makes it unlawful for a person with no legal right to do so, takes or keeps a person entrusted to the custody of another, KRS § 509.070.

### iii. *Defamation Pursuant to La.R.S. 14:47*

Plaintiff alleges a defamation claim under La. R.S. 14:47 against Guillory. This statute of Title 14 of the Revised Statutes is in the Criminal Code, and pertains to defamation as a criminal offense. The statute states:

> Defamation is the malicious publication or expression in any manner, to anyone other than the party defamed, or anything which tends:
>
> (1) To expose any person to hatred, contempt, or ridicule, or to deprive him of the benefit of public or social intercourse; or
> (2) To expose the memory of one deceased to hatred, contempt, or ridicule; or
> (3) To injure any person, corporation, or association of persons in his or their business or occupation.

La. R.S. 14:47

Plaintiff's state law allegations are brought under Louisiana Revised Statute 14 of the Louisiana Criminal Code as well as the Kentucky Penal Code. "A violation of a criminal statute does not automatically create liability in a particular civil case." *Boyer v. Johnson*, 360 So.2d 1164, 1169 (La.1978). Shafizadeh does not allege that Guillory was found guilty nor even charged with of any of the crimes related to these statutes. Rather, he alleges that Guillory is civilly liable under the criminal statutes.

forcible seizing and carrying of any person from one place to another place without consent; (2) La.R.S. 14.45.1 set out the elements of the crime of intentionally taking, enticing, or decoying away a minor child by a parent not having a right of custody, with intent to detain or conceal such child from a parent having a right of custody; (3) KRS 509.070 of the Kentucky Penal Code, a Class D felony, makes it unlawful for a person with no legal right to do so, takes or keeps a person entrusted to the custody of another, KRS § 509.070.

### iii. *Defamation Pursuant to La.R.S. 14:47*

Plaintiff alleges a defamation claim under La. R.S. 14:47 against Guillory. This statute of Title 14 of the Revised Statutes is in the Criminal Code, and pertains to defamation as a criminal offense. The statute states:

> Defamation is the malicious publication or expression in any manner, to anyone other than the party defamed, or anything which tends:
>
> (1) To expose any person to hatred, contempt, or ridicule, or to deprive him of the benefit of public or social intercourse; or
> (2) To expose the memory of one deceased to hatred, contempt, or ridicule; or
> (3) To injure any person, corporation, or association of persons in his or their business or occupation.

La. R.S. 14:47

Plaintiff's state law allegations are brought under Louisiana Revised Statute 14 of the Louisiana Criminal Code as well as the Kentucky Penal Code. "A violation of a criminal statute does not automatically create liability in a particular civil case." *Boyer v. Johnson*, 360 So.2d 1164, 1169 (La.1978). Shafizadeh does not allege that Guillory was found guilty nor even charged with of any of the crimes related to these statutes. Rather, he alleges that Guillory is civilly liable under the criminal statutes.

"Criminal statutes are not, in and of themselves, definitive of civil liability and do not set the rule for civil liability." *Gugliuzza v. K.C.M.C., Inc.*, 606 So.2d 790 (La. 1992). Based on the foregoing jurisprudence, a plaintiff is not entitled to pursue civil liability against a defendant for his *alleged* violation of a criminal statute. Thus, plaintiff is not entitled to pursue civil liability against the defendant in this case under the Louisiana Criminal Code or the Kentucky Penal Code and these claims must also be dismissed.

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE