U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED  LAFAYETTE

SEP 22 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Shafizadeh

versus

Darrell Steven Guillory

Civil Action No. 6:14-1104

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

On June 5, 2014, *pro se* plaintiff, Saeid Shafizadeh filed a Complaint and Motion For Preliminary Injunction pursuant to 42 U.S.C. § 1985. *R. 1.* On June 19, 2014, the Court *sua sponte* dismissed plaintiff's Complaint and Motion without prejudice for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. *R. 3, 4.* Thereafter, on July 21, 2014, the Court granted plaintiff's Motion For Reconsideration and allowed plaintiff to amend his Complaint within 21 days from the date of the entry of the Court's Order. *R. 6.* On August 14, 2014, plaintiff filed his First Amended Complaint now before the Court. *R. 7.*

As provided in the Court's June 19, 2014 Ruling, Shafizadeh, a naturalized citizen of the United States whose national origin is of Iranian descent, alleges that he and his former spouse Denise Dugas ("Dugas"), were married in Lafayette, Louisiana, lived in Kentucky during their marriage and had four children together, two of whom are minors. On August 12, 2010, the Family Court in Kentucky issued an order for joint custody and allowed Dugas to relocate to Lafayette Parish with the two minor children and granted Shafizadeh parenting time. There are presently two other related cases pending before the Kentucky Court of Appeals.

In his Original Complaint, Shafizadeh alleged causes of action under 42 U.S.C. § 1985 as well as a number of Louisiana and Kentucky State statutes against Dugas' now husband, defendant Darrell Steven Guillory, a Youngsville Police Officer. Plaintiff

contended that Guillory conspired with Dugas to violate plaintiff's right to parental time with his children.[1] *R. 1*. In its June 19, 2014 Ruling and Judgment, the Court dismissed Shafizadeh's claims under § 1985 as well as Louisiana and Kentucky state law failure to state a claim and for lack of subject matter jurisdiction. *R. 3,4*. The Court reopened this action and allowed plaintiff to amend his complaint. *R. 5, 6*.

In his First Amended Complaint, plaintiff abandons all of his initial causes of action and now alleges "an action for interference with a child custody order,[2] common law defamation and for an injunctive relief." *R. 7*. Plaintiff contends the Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, as he alleges only state law claims.[3] The Court finds that Shafizadeh has failed to establish diversity jurisdiction and also has failed to state a claim upon which relief may be granted. Moreover, supplemental jurisdiction does not apply because if there is incomplete diversity, "there is nothing to which supplemental jurisdiction can adhere." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005).

Under Federal Rule of Civil Procedure 12(b)(1), claims brought before this Court must be dismissed when it is shown that the Court lacks jurisdiction over their subject matter. In ruling on a Rule 12(b)(1) motion, the Court must "take the well-pled factual allegations

---

[1] Plaintiff contends he was unable to have the court-ordered visitation during Thanksgiving 2013 and had to obtain police assistance in order to retrieve his children from Dugas' residence on two other occasions.

[2] The Court notes that Louisiana Revised Statute 9:346 addresses plaintiff's claim for interference with child custody order and provides, in pertinent part:

> A. An action for the failure to exercise or to allow child visitation, custody or time rights pursuant to the terms of a court-ordered schedule may be instituted against a parent. The action shall be in the form of a rule to show cause why such parent should not be held in contempt for the failure and why the court should not further render judgment as provided in this Section.

[3] There is no indication of any other basis, such as "federal question," 28 U.S.C. § 1331, for jurisdiction.

of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir.2008).

While a pro se plaintiff's filings are to be liberally construed, this lenient standard cannot save claims which are outside the Court's jurisdiction from being dismissed. *See, e.g. Jackson v. CNA Ins. Companies of Dallas, Tex.* 988 F.2d 1211 (5th Cir.1993). The burden of establishing subject-matter jurisdiction by a preponderance of the evidence rests with the party seeking to invoke it. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir.2008).

28 U.S.C. § 1332, confers jurisdiction on civil actions when the parties are diverse and the amount in controversy exceeds $75,000.00. While the parties in this case are diverse—Shafizadeh is a citizen of Kentucky and Guillory is a citizen of Louisiana—the Court finds that the allegations of the plaintiffs' complaint are insufficient to establish that the amount in controversy exceeds $75,000. The plaintiff does not expressly allege that his claim exceeds $75,000 nor does he set forth sufficient facts to support a finding that the amount in controversy exceeds the jurisdictional threshold. Rather, plaintiff alleges that as a result of defendant's actions he was "harmed, humiliated, intimidated, harassed, suffered emotional distress, damages and expenses." Such a conclusory allegation is not sufficient to satisfy plaintiff's burden. *Hurst v. American Media, Inc.*, 2013 WL 4710494, 4 (E.D.La.,2013) (citing *Davis v. Grider*, 214 F.3d 1350 (5th Cir.2000)). The Court finds that it appears clear that Shafizadeh's claim would only support a recovery for an amount far less than the required more-than-$75,000. Thus, plaintiff has failed to establish that the amount in controversy exceeds the jurisdictional threshold.[4]

---

[4] The court is "obligated to carefully examine its jurisdiction over a case and raise itself the issue of lack of subject-matter jurisdiction when necessary."

Even assuming *arguendo*, however, that Shafizadeh could establish diversity jurisdiction, plaintiff states that there are three (3) suits pending in Kentucky state court related to the custody of his minor children. The domestic-relations exception to the diversity jurisdiction holds that federal courts do not have jurisdiction to grant divorces, provide for alimony, or determine child custody, but that suits for money damages are not outside the scope of 28 U.S.C. § 1332 just because they relate to one of these topics. *See Ankenbrandt v. Richards*, 504 U.S. 689 (1992). Even where the elements of the domestic-relations exception are not precisely met, however, abstention may nonetheless be called for under *Burford v. Sun Oil Co.*, 319 U.S. 315, (1943),[5] "if a federal suit were filed prior to effectuation of a divorce, alimony, or child custody decree, and the suit depended on a determination of the status of the parties." *Ankenbrandt* at 706.

The Fifth Circuit has stated that the application of the domestic relations exception and related abstention issues "should not be resolved by resort to 'technical appellation,' but rather by inquiry into 'whether hearing the claim will necessitate the court's involvement in domestic issues.'" *Congleton v. Holy Cross Child Placement Agency*, 919 F.2d 1077, 1077 (5th Cir.1990). In *Congleton*, the Fifth Circuit applied the exception, finding that a dispute over an adoption contract was "of necessity so intertwined with parental rights and the custodial status of the child that it cannot fairly be separated." *Id.*, 919 F.2d at 1077.

This case is more than a simple dispute for damages among former spouses. *See e.g., Jagiella v. Jagiella*, 647 F.2d 561, 564 (5th Cir.1981)(finding that the domestic relations exception was inapplicable because the litigation involved only alimony payments and child support payments in arrears). Here, there are several pending state court actions which involve questions of custody or parental rights. *See, Crouch v. Crouch*, 566 F.2d 486, 487-88

---

[5] Under *Burford*, abstention in diversity cases is justified by a state's integrated administrative system and unified method of formation of policy

4.

(5th Cir.1978) (finding jurisdiction is proper where there are "no questions of custody or parental rights, no pending state court action or agreement to litigate in state court, and no threat that the former spouses will seek to play one court system off against the other."). It is possible that any action taken by the Kentucky state court, such as changing the dispositions and oversight of the minor children, would conflict with a ruling in this Court, and visa versa, that a ruling by this Court could interfere with a state court ruling.

Plaintiff has also requested injunctive relief enjoining the defendant (and therefore Dugas), from any interference with his custody rights over the minor children. The Court further finds that such a grant of prospective injunctive relief would require an inquiry into the interests of the children—an inquiry precluded by the domestic relations exception. *See, Goins v. Goins,* 777 F.2d 1059, 1062 (5th Cir.1985) (citing *Bennett v. Bennett,* 682 F.2d 1039, 1042-44 (D.C.Cir.1982)). Accordingly, even if the Court has diversity jurisdiction, which it finds that it does not have, the Court declines jurisdiction based on the domestic-relations exception to diversity jurisdiction.

Based on the foregoing, the Court will dismiss Shafizadeh's First Amended Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

_____
RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE